IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                              )<br>        Plaintiff,            )<br>                              )<br>v.                            )   Case No. CR-22-518-SLP<br>                              )<br>DEJUAN DION BRUNER,           )<br>                              )<br>        Defendant.            )   | |

**O R D E R**

Before the Court is Defendant's Motion to Dismiss the Indictment Based on the Unconstitutionality of 18 U.S.C. § 922(g)(9) with Brief in Support [Doc. No. 21]. The Government has filed its Response [Doc. No. 27] and Defendant has filed a Reply [Doc. No. 31]. The matter is fully briefed and at issue. For the reasons that follow, Defendant's Motion is DENIED.

**I.     Introduction**

Defendant is charged by Indictment under 18 U.S.C. § 922(g)(9) with Prohibited Person in Possession of a Firearm. Specifically, § 922(g)(9) makes it unlawful for any person "who has been convicted in any court of a misdemeanor crime of domestic violence" to possess any firearm or ammunition shipped or transported in interstate or foreign commerce. Relying on *N.Y. State Rifle & Pistol Assn. v. Bruen*, 142 S.Ct. 2111 (2022), Defendant brings a Second Amendment facial challenge to the constitutionality of § 922(g)(9).

Across the country, Defendants charged with various offenses under § 922(g) have raised similar challenges. Post-*Bruen*, to date, the clear weight of authority has upheld the constitutionality of § 922(g)(9).[1] For the reasons that follow and based on the record presented, the Court finds no reason to reject that clear weight of authority.

## II.  Governing Standard

Rule 12(b)(1) of the Federal Rules of Criminal Procedure provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can

---

[1] *See United States v. Porter*, No. CR-22-00277, 2023 WL 2527878 (W.D. La. Mar. 14, 2023) ("Section 922(g)(9) is a constitutional limitation on Porter's Second Amendment right to bear arms."); *United States v. Hammond*, No. 4:22-cr-00177-SHL-HCA, 2023 WL 2319321 at *7 (S.D. Iowa Feb. 15, 2023) (rejecting defendant's facial and as-applied constitutional challenges to § 922(g)(9) finding that nothing in *Bruen* undermines the core holding of Eighth Circuit precedent that "there is sufficient historical precedent from the Founding era to justify the constitutionality of firearm restrictions on those who have committed, or are found through a judicial process to be at risk of committing, acts of domestic violence"); *United States v. Farley*, No. 22-cr-30022, 2023 WL 1825066 at *3 (C.D. Ill. Feb. 8, 2023) (upholding constitutionality of § 922(g)(9) post-*Bruen* and noting that "every court that has been asked to invalidate § 922(g)(9) on constitutional grounds has declined to do so"); *United States v. Gleaves*, No. 3:22-cr-00014, 2023 WL 1791866 at *4 (M.D. Tenn. Feb. 6, 2023) (concluding, like the "majority of courts to address the issue post-*Bruen*" that § 922(g)(9) is constitutional); *United States v. Bernard*, No. 22-CR-03-CJW-MAR, 2022 WL 17416681 at *8 (N.D. Iowa Dec. 5, 2022) ("This Court joins every other court thus far in addressing Section 922(g)(9) in finding it constitutional."); *United States v. Anderson*, No. 2:21CR00013, 2022 WL 10208253 at *1 (W.D. Va. Oct. 17, 2022) (Applying *Bruen* and concluding that "the government has provided sufficient evidence of historical tradition, that, by analogy, applies to uphold § 922(g)(9)."); *United States v. Nutter*, No. 2:21-cr-00142, 2022 WL 3718518 at *8 (S.D. W. Va. Aug. 29, 2022) (upholding constitutionality of § 922(g)(9) post-*Bruen* and concluding that "[n]othing in the historical record suggests a popular understanding of the Second Amendment at the time of founding that extended to preserving gun rights" for persons convicted of domestic violence offenses). In addition to the cited authority, two post-*Bruen* decisions from this judicial district have upheld the constitutionality of § 922(g)(9). *See United States v. King*, No. CR-22-488-J (W.D. Okla.) (Order Mar. 9, 2023); *United States v. Jackson*, No. CR-22-59-D, 2022 WL 3582504 at *4 (W.D. Okla. Aug. 19, 2022).

determine without a trial on the merits." Further Rule 12(b)(3) permits a defendant to challenge an indictment before trial where a "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010). In reviewing such a challenge, the court assesses the indictment solely on the basis of the allegations made on its face and takes those allegations as true. *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006). As stated, Defendant brings a facial challenge to 18 U.S.C. § 922(g)(9). Thus, the Court may consider Defendant's challenge as a matter of law.

### III. <u>Discussion</u>

In *Bruen*, the Supreme Court announced a new standard governing the relevant inquiry as to the constitutionality of regulated conduct under the Second Amendment.[2] The Court held that "the government must affirmatively prove that its firearm regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.*, 142 S.Ct. at 2127. As the Court further instructed:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'

*Id.* at 2129-30.

---

[2] The Second Amendment provides that: "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

In seeking dismissal of the Indictment, Defendant argues that under *Bruen's* new standard, the Second Amendment's plain text covers Defendant's conduct and that no historical tradition of firearm regulation supports the prohibition contained in § 922(g)(9).

In response, the Government does not directly address whether the Second Amendment's plain text covers Defendant's conduct. The Court, therefore, assumes that it does.

But the Court finds, even making such an assumption, the Government has met its burden to show that the prohibition contained in § 922(g)(9) is consistent with the Nation's historical tradition of firearm regulation. To make this assessment, *Bruen* instructs that district courts should consider historical precedent from before, during, and after the founding to see whether it "evinces a comparable tradition of regulation" as the challenged regulation, in a process that often involves "reason by analogy." *Id*., 142 S.Ct. at 2131-32.

Post-*Bruen*, courts to address the constitutionality of section 922(g)(9) have turned to the long-standing prohibition, supported by historical tradition, of the possession of firearms by felons. *See, e.g., Jackson*, 2022 WL 3582504 at *3 (relying on *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) for the proposition that disarming felons is not inconsistent with the Second Amendment); *Bernard*, 2022 WL 17416681 at *7 ("Prohibiting violent criminals from possessing firearms, such as those who have been convicted of a misdemeanor crime of domestic violence, is consistent with and analogous to prohibiting felons from possessing firearms."). The Court concurs with the conclusion reached in *Jackson*, that "the government's reliance on general historic tradition is

sufficient to satisfy its burden to justify the firearm regulation of § 922(g)(9)" and that "[d]omestic violence misdemeanants can logically be viewed as relevantly similar to felons who should be denied weapons for the same reasons." *Jackson*, 2022 WL 3582504 at *3 (cleaned up).[3]

## IV.   Conclusion

The Court joins those other courts to address the constitutionality of § 922(g)(9) and declines to hold that the statutory provision is unconstitutional.[4]

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss the Indictment Based on the Unconstitutionality of 18 U.S.C. § 922(g)(9) with Brief in Support [Doc. No. 21] is DENIED.

---

[3] In *Jackson*, the court further found notable that "the Supreme Court has repeatedly addressed the reach of § 922(g)(9) without questioning its constitutionality," including, most recently, *Voisine v. United States*, 579 U.S. 686, 692 (2016). *Id*. at *3.

[4] In his Reply, Defendant relies on the Fifth Circuit's recent decision in *United States v. Rahimi*, 59 F.4th 163 (5th Cir. Feb. 2, 2023), withdrawn and superseded, -- F.4th --, 2023 WL 2317796 (5th Cir. Mar. 2, 2023), to argue there is no historical analogue. In *Rahimi*, the Fifth Circuit held, under *Bruen*, that 18 U.S.C. § 922(g)(8), which prohibits possession of a firearm while under a domestic violence restraining order, is unconstitutional. *Rahimi* is not binding precedent on district courts within the Tenth Circuit. And significantly, *Rahimi* involves the interpretation of a different statutory provision than that at issue here. As at least one court upholding the constitutionality of § 922(g)(9) and distinguishing *Rahimi* has noted: "the Fifth Circuit heavily emphasized that Rahimi had *not been criminally convicted* nor was he accused of any offense" and that the "domestic abuse proceeding that served as the basis for Section 922(g)(8)'s application was *purely civil*." *Porter*, 2023 WL 2527878 at *3 (emphasis added). Conversely, section 922(g)(9) restricts the Second Amendment rights of those guilty of a criminal misdemeanor conviction. As the Fifth Circuit stated in *Rahimi*: "[t]he distinction between a criminal and civil proceeding is important because criminal proceedings have afforded the accused substantial protections throughout our Nation's history. . . . It is therefore significant that § 922(g)(8) works to eliminate the Second Amendment right of individuals subject to merely civil process." *Rahimi*, 2023 WL 2317796 at *7, n. 7.

IT IS SO ORDERED this 27th day of March, 2023.

                                                                                  _____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE